UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMANDA SCHAEFER, individually
and on behalf of others similarly
situated,

      Plaintiff,
                                        Case No. 2:15-cv-00444 SPC-CM
                                        (CLASS ACTION)

v.

SEATTLE SERVICE BUREAU, INC.
d/b/a NATIONAL SERVICE BUREAU;
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendants.

_____/

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
CORRECTED MOTION TO DISMISS CLASS ACTION COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, State Farm Mutual Automobile Insurance Company (State Farm), by its undersigned counsel, and pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, files this Motion to Dismiss all Counts of Plaintiff's Class Action Complaint ("Complaint") against it. The following memorandum of law is submitted in support of this motion.

**MEMORANDUM OF LAW**

**INTRODUCTION**

The Complaint is based upon correspondence allegedly sent by Co-Defendant Seattle Service Bureau Inc. d/b/s/ National Service Bureau (NSB) to Plaintiff in efforts to collect $21,366.90 paid by State Farm for damages caused to the property of its insured in a car accident

CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower • 100 S.E. Second Street • Suite 4200 • Miami, Florida 33131-2114 • Telephone 305-530-0050 • Facsimile 305-530-0055

101902363.1

for which Plaintiff was responsible.[1]  Counts I, II, and III assert that NSB's letters violated the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.55 et seq, and purport to state claims against NSB and State Farm (collectively, "Defendants") for damages and injunctive relief under the FCCPA. Count IV seeks a declaration that the actions complained of violated the FCCPA.  Counts V and VI, respectively, purport to state claims for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, et. seq and Unjust Enrichment, respectively.  As explained more fully below, the claims against State Farm are all fatally deficient and must be dismissed for the following reasons:

**I.**      Counts  I – IV,  all of which allege violations of the Florida Consumer Collection Practices Act ("FCCPA") fail as a matter of law because State Farm's subrogation claim alleged in the Complaint is not "consumer debt" subject to the FCCPA.

**II.**      Even if State Farm's subrogation claim were not excluded from the FCCPA, Counts I and II, alleging violations Fla. Stat §§ 559.72(9) and 559.72(10), would still fail to allege sufficient facts to state claims against State Farm for violation of these sections.

**III.**      Counts III and IV fail to state claims against State Farm to enjoin violations of the FCCPA under Fla. Stat. § 559.77, and for Declaratory Relief, respectively, for the same reasons that Counts I and II fail to state claims for the violations alleged.

**IV**.      Count V fails against State Farm because FDUTPA does not apply to state regulated insurance companies. Additionally,  Count V fails because FDUTPA does not cover the conduct complained of, and, it fails to allege the required elements of causation and actual damages needed to state a FDUTPA claim.

**V**.      Count VI fails to allege a claim for Unjust Enrichment because it fails to allege the essential element that Plaintiff conferred a direct benefit on State Farm.

**VI.**      All claims against State Farm also fail because they each rely solely on the content and timing of correspondence allegedly sent by NSB as "agent" for State Farm, but the Complaint fails to allege the essential elements required to establish that NSB had actual or apparent agency authority from State Farm to send the correspondence complained of.

---

[1] Complaint, ¶11-15, Exhibits "A" and "C," the latter of which attaches a copy of a Uniform Traffic citation issued by the Florida Highway Patrol charging Plaintiff with careless driving in connection with the accident.

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

### Pertinent Factual Allegations

The claims directed to State Farm rest on the assertion that NSB, "a registered debt collector," was "hired as and sent correspondence to Plaintiff as State Farm's "agent." Complaint ¶¶ 4, 6. Specifically, the Complaint alleges that after Plaintiff was in a car accident with State Farm's insured, *Id.* ¶¶ 11, 13, State Farm "paid … damages and/or repairs made to the State Farm Insured Vehicle," and NSB represented to Plaintiff in correspondence that State Farm assigned its $21,366.90 claim to NSB to pursue collection, *Id.* ¶¶ 14-15. It is further alleged that NSB improperly sent debt collection letters to Plaintiff (Exhibits "A"- "C") when State Farm's claim has not been reduced to a judgment. *Id.* at 15-22. Rather, according to Plaintiff, State Farm "has, at best, a potential, unliquidated claim based on a subrogated interest from its insured." *Id.* ¶ 24.

Count I asserts Defendants violated Fla. Stat. § 559.72(9) of the FCCPA, based on an alleged violation of FCCPA § 559.715. Plaintiff contends Fla. Stat. § 559.715 required NSB to send a notice to Plaintiff that it had been assigned the right to bill or collect State Farm's claim at least 30 days before taking other action to collect it (¶ 44); that NSB's "Notice of Insurance Claim," (Exhibit "A") constituted the required notice of assignment, and that the "5-Day Notice" (Exhibit "B") sent by NSB less than 30 days thereafter constituted a "willful" violation of  Fla. Stat. § 559.72(9)'s prohibition on persons "collecting consumer debts" from "attempting to enforce a legal right" when such person "knows that right did not exist." ¶¶ 44-45.

Count II is based on NSB's third letter to Plaintiff (the "Driver's License Suspension Request," Exhibit "C") advising that NSB requested suspension of Plaintiff's license for violation of financial responsibility laws and also attaching a letter from NSB requesting suspension of Plaintiff's driving privileges due to her failure to carry liability insurance at the

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

time of the accident or pay damages caused to State Farm's insured's vehicle.  Plaintiff alleges

the letters comprising Exhibit "C" violated the prohibition in Fla. Stat § 559.72(10) on sending

communications which "falsely simulate legal process" or "give the appearance of being issued

or authorized by a governmental agency, when that is not in fact the case".  Count III seeks to

enjoin the violations FCCPA alleged in Counts I and II under the FCCPA's injunctive relief

provision and Count IV seeks a declaration that the practices alleged in Counts I and II violate

the FCCPA.

Count V incorporates the facts underlying the prior counts and alleges that because there

was no "liquidated amount of debt" owed by Plaintiff to State Farm, the letters sent by NSB

pursuing State Farm's subrogation claim "looked like collection letters" and were therefore

deceptive and unfair, in violation of FDUTPA.  Count VI asserts that Defendants were "unjustly

enriched" by the allegedly unlawful conduct complained of.

## ARGUMENT

### Applicable Legal Standard

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007) (internal quotation marks and citation omitted). Therefore, "to survive a motion to

dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283,

1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss,

courts must: "1) eliminate any allegations in the complaint that are merely legal conclusions; and

2) where there are well-pleaded factual allegations, 'assume their veracity and then determine

4

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). In sum, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the defendant-unlawfully-harmed-me, accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555); *Supermedia LLC v. Kantaras & Andreopoulos* 2012 WL 895444, 2 (M.D. Fla.) (M.D. Fla. 2012).

I.    **Counts I Through IV Fail as a Matter of Law Because a Subrogation Claim is Not A "Consumer Debt" Subject to the FCCPA.**

Counts I through IV all allege violations of the FCCPA based on actions allegedly taken by NSB to collect amounts paid by State Farm to its insured in connection with a vehicular accident with Plaintiff, i.e., a subrogation claim.  The Complaint acknowledges Plaintiff was involved in a car accident with State Farm's insured,  ¶¶ 11-13, State Farm paid damages and/or repairs made to the State Farm Insured Vehicle, and State Farm's claim is "based on a subrogated interest from its insured,"  *Id.* ¶ 24, and State Farm "assigned its claim to NSB to collect the debt."  *Id.* ¶¶ 14-15.  Counts I through IV fail because an obligation to pay a subrogation claim is simply not a "consumer debt" within the scope of the FCCPA.

The FCCPA, in tandem with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. regulates the activities of persons collecting consumer debt. Prohibited consumer debt collection practices under the FCCPA are contained in Fla. Stat. §559.72. Fla. Stat. §559.77 affords civil remedies for violations, and states, inter alia,  that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."  Fla. Stat. § 559.77(5).

Both the FCCPA and the FDCPA define "consumer debt" as follows:

5

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

"*any obligation or alleged obligation of a consumer to pay money arising out of a transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, *whether or not such obligation has been reduced to judgment*." (Emphasis added) 15 U.S.C. 1692a(5); Fla Stat. § 559.55(6).

Thus, to be subject to either the FDCPA or the FCCPA, the consumer debt must arise out of a "transaction."  Although neither statute defines "transaction," the Eleventh Circuit has held that, "at a minimum, a transaction under the FDCPA must involve some kind of business dealing or other consensual obligation." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998).  "Moreover, application of the FDCPA is limited to debts arising from *consumer* transactions." *Id.  See also Baggett v Law Offices of Daniel Consuegra*, 2015 WL 1707479 (M.D. Fla. 2015) (transaction under FDCPA must involve some kind of business dealing or *consensual* obligation that creates and obligation to pay); *Durso v. Summer Brook Preserve Homeowners' Ass'n*, 641 F. Supp. 2d 1256 (M.D. Fla. 2008 (debt must arise out of a transaction, necessarily meaning some type of business dealing between the parties; FDCPA's reach limited to consensual transactions between parties).

*Hawthorne* also involved a subrogation claim.  As here, the *Hawthorne* Plaintiff was in a car accident with a third-party, the third-party's insurer paid its insured's claim and the defendant collection service attempted to collect the subrogation claim in a letter to the plaintiff requesting payment of the claim incurred by the insurer. Also as here, the plaintiff sued the defendant collection agency for violations of the FDCPA.  The Eleventh Circuit affirmed the district court's order granting judgment on the pleadings.  In construing the FDCPA, the Eleventh Circuit held that an obligation to pay a subrogation claim arising out of a car accident was not a "debt" within the meaning of the FDCPA because it did not arise from a consumer transaction, 140 F.3d at 1371, 1373.  The Court declared: "Because [plaintiff's] alleged obligation to pay

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

[defendant] for damages arising out of an accident does not arise out of any consensual or business dealing, plainly it does not constitute a 'transaction' under the FDCPA" because the FDCPA applies only to "debts arising from *consumer* transactions." *Id* at 1371. Rather, the plaintiff's obligation to pay the insurance company arose out of [plaintiff]'s negligence in the car accident.  Because the obligation to pay arose from a car accident and not a consumer transaction, it was not a "debt" triggering application of the FDCPA, *See id.* at 1371, 1373.

Similarly, in *Antoine v. State Farm Mutual Auto Ins. Co*, 662 F. Supp. 2d 1318 (M.D. Fla. 2009), a claim asserting violations of the FDCPA and FCCPA, this Court held an insurer's judgment on a subrogation claim was not a "consumer debt" as defined in the FDCPA and the FCCPA so as to support a claim by the plaintiff-judgment debtor for violations of either the FDCPA or the FCCPA based on the insurer's actions to collect the judgment on the subrogation claim, because the claim was not a consumer debt as a matter of law.

Plaintiff's claims in Counts I through IV fail as a matter of law for the same reason as did the claims in *Hawthorne and Antoine.*  The definition of "consumer debt" in the FCCPA mirrors the FDCPA definition and clearly indicates that consumer debt must arise out of a transaction with the consumer.  As in both *Hawthorne* and *Antoine*, plaintiff's obligation does not arise out of any consumer transaction between plaintiff and State Farm.  *See Hawthorne*, 140 F.3d at 1371; *Antoine*, 662 F. Supp. at 1325.  To the contrary, the Complaint explicitly acknowledges "no contract, business or consensual arrangement" exists between plaintiff and any defendant in this case, but rather plaintiff's obligation arises solely out of a car accident between her and State Farm's insured.  Plaintiff's obligation to pay the subrogation claim thus does not arise from a consumer transaction, and is not a "consumer debt" as defined in the FDCPA or the FCCPA. *Hawthorne.* at 1371, 1373; *Antoine*,  at 1325-26. *see also Meyer v. Credit Collection Services,*

7

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  • 100 S.E. Second Street • Suite 4200 • Miami, Florida 33131-2114 • Telephone 305-530-0050 • Facsimile 305-530-0055

101902363.1

2013 WL 84929 (N.D. Oh. Jan 7, 2013); *Williams v. Allocated Bus. Mgmt., LLC*, 2010 WL 2330371, at *2 (N.D. Ill. June 18, 2010) ("Because [plaintiff's] obligation to pay [an insurance subrogation claim] does not arise from a consumer transaction, it is not a debt as contemplated by the statute.").  As the subrogation claim allegedly sought to be collected is not subject to the FCCPA, Counts I through IV must be dismissed with prejudice.

**II.    Even if State Farm's Subrogation Claim Fell Within the FCCPA Definition of "Consumer Debt," Counts I and II Would Still Fail to Allege Sufficient Facts to State Claims Against State Farm for Violations of FCCPA § 559.72(9) and § 559.72(10).**

**A.    Count I Fails to State a Claim Against State Farm for Violation of FCCPA § 559.72(9).**

In Count I Plaintiff alleges a violation of FCCPA § 559.72(9) based upon two grounds. First, she alleges that NSB failed to provide notice of the assignment thirty days prior to taking any action to collect the debt in violation of FCCPA § 559.715.  Second, she alleges was knowingly attempting to enforce an illegitimate and/or nonexistent debt. Neither basis supports Plaintiff's claim.

First, by relying on the "notice of assignment" requirement, Plaintiff seeks to prosecute a private cause of action based upon a violation of FCCPA § 559.715.  No such claim exists.  It is well settled that in enacting the FCCPA, the Florida legislature did not provide a private right of action for violations of  Fla. Stat. § 559.715.  *Wright v. Select Portfolio Servicing, Inc.*  2015 WL 419618, 2 (M.D. Fla. 2015) *Schmidt v. Synergentic Commc'ns, Inc.*  2015 WL 248635, 3 (M.D. Fla. 2015); *Trent v. Mortgage Electronic Registration Sys., Inc.*  618 F. Supp. 2d 1356, 1364 (M.D.Fla.2007).  As stated in those cases, the FCCPA provides a private right of action in §559.77 only for violations of Fla. Stat. § 559.72.  A debt collector's obligation to provide a notice of assignment is set forth in Fla. Stat. § 559.715, and no analogous requirement is

8
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower  ●  100 S.E. Second Street  ●  Suite 4200  ●  Miami, Florida 33131-2114  ●  Telephone 305-530-0050  ●  Facsimile 305-530-0055

101902363.1

contained in Fla. Stat. § 559.72. *Id.* Plaintiff cannot circumvent the fact that there is no private remedy for failure to comply with Fla. Stat. § 559.715 by attempting to recast that failure as violation of Fla. Stat.§ 559.72(9). Thus, Count I, which in reality is a claim for violation of Fla. Stat. § 559.715 masquerading as a claim for violation of Fla. Stat. 559.72(9) must be dismissed.[2]

Second, to establish a violation under FCCPA § 559.72(9) "it must be shown that a legal right that did not exist was asserted and that the person had *actual knowledge* that the right did not exist." *Bentley v. Bank of America, N.A.,* 773 F. Supp. 2d 1367, 1372 -1373 (S.D. Fla. 2011), citing *Pollock v. Bay Area Credit Serv., LLC,* Case No. 08–61101–CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009). Therefore, "[t]o plead a FCCPA claim, a party must allege 'knowledge or intent by the debt collectors in order to state a cause of action.'" *Id.,* citing *Reese v. JPMorgan Chase & Co.* 686 F. Supp. 2d at 1309 (dismissing FCCPA claim with prejudice where the plaintiff failed to plead any facts that the defendants had knowledge that they were pursuing a debt that they were not legally entitled to pursue). See also *Cavanaugh v. HSBC Card Services Inc.* 2010 WL 3746260, 2 (M.D. Fla. 2010) (for purposes of the FCCPA, "the use of the word "knows" requires *actual* knowledge of the impropriety or overreach of a claim"); *In re Lamb.,* 409 B.R. 534, 541 (N.D. Fla. 2009), *Kaplan v. Assetcare, Inc.,* et al., 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000)). Plaintiff has not, nor can she allege actual knowledge of the invalidity of her subrogation obligation on the part of State Farm or NSB.[3]

---

[2] Plaintiff claims that the debt became invalid with the initial notice of assignment. Applicable statutory language clearly indicates the debt or obligation must be known to be invalid prior to any enforcement activity. Logic dictates that a valid obligation cannot be transformed into an invalid one solely by enforcement activity as Plaintiff claims.

[3] Although not included as a basis for the claim raised in Count I, Plaintiff also asserts the debt in question was not reduced to judgment. This fact bears no relevance to the claim asserted here as the FCCPA defines "debt" to include an "alleged obligation to pay." Thus, the statute makes it clear an actual judgment is not required to render a debt valid.

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower • 100 S.E. Second Street • Suite 4200 • Miami, Florida 33131-2114 • Telephone 305-530-0050 • Facsimile 305-530-0055

**B.      Count II Also Fails to State a Claim Against State Farm for Violation of FCCPA § 559.72(10).**

Count II alleges correspondence sent by NSB and attached to the Complaint as Exhibit "C" violated § 559.72(10), which prohibits persons "collecting consumer debt" from using a communication that "simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, or governmental agency, …when it is not."

The basis for this claim, Exhibit "C" to the Complaint, is a letter on NSB letterhead to Plaintiff, entitled "Driver's License Suspension Request."  The letter states that it is enclosing a separate letter to the state requesting suspension of plaintiff's driver's license for failure to carry liability insurance at the time of her accident with State Farm's insured, along with a copy of a Florida State Uniform Traffic Citation citing Plaintiff as the responsible party in that accident.

These letters neither "simulate" legal or judicial process nor "give the [false] appearance of having been issued or approved by a government agency."  Both letters are on NSB letterhead, and the traffic citation enclosed appears to be a true and correct copy of an actual citation issued to Plaintiff in connection with the accident with State Farm's insured that gives rise to its subrogation claim.  Count II thus wholly fails to allege facts to show State Farm took actions to collect "a consumer debt," or in collecting such a debt, used any communication which simulated legal or judicial process or gave the appearance of approval by a governmental agency, when in fact it did not.  Count II must be dismissed for this reason as well.

**III.      Counts III and IV Fail to State Claims Against State Farm to Enjoin Violations of the FCCPA Under F.S. § 559.77, and for Declaratory Relief, Respectively, for the Same Reasons Counts I and II Fail to State Claims for the Violations Alleged.**

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ●  100 S.E. Second Street  ●  Suite 4200  ●  Miami, Florida 33131-2114  ●  Telephone 305-530-0050  ●  Facsimile 305-530-0055

101902363.1

Count III seeks injunctive relief, pursuant to § 559.77 of the FCCPA to enjoin State Farm's "further violations of the FCCPA" as set forth in Counts I and II.   Count IV seeks declaratory relief from this Court that the "practices" described in Counts I and II violate the FCCPA.   For the same reasons that Counts I and II fail to state claims against State Farm for violations of the FCCPA stated above, Counts III and IV fail to state claims against it for injunctive or declaratory relief.

**IV.     Count V Fails to State a Claim Against State Farm for Violations of  FDUTPA, Fla. Stat. § 501.04.**

**A.     FDUTPA Does Not Apply Because State Farm is Regulated as an Insurer.**

Plaintiff's claims against State Farm for violation of FDUTPA fail because State Farm is regulated by the Department of Financial Services, and FDUTPA explicitly provides it does not apply to "(4) Any person or activity regulated under laws administered by:…(d) Any person or activity regulated under the laws administered by the former Department of Insurance which are now administered by the Department of Financial Services." Fla. Stat. § 501.212(4)(d).  Indeed, in *Antoine v. State Farm Mut. Auto. Ins. Co.*  662 F. Supp. 2d 1318, 1326 (M.D. Fla. 2009), this Court dismissed claims against State Farm in another case alleging that it violated FDUTPA in connection with its actions to collect a judgment on a subrogation claim because FDUTPA did not apply.  As alleged in the Complaint, State Farm is an automobile insurer, and does business, inter alia, in Lee County Florida (Complaint ¶ 5).   State Farm's activity is regulated by the insurance laws administered by the Department of Financial Services. Accordingly, FDUTPA does not apply to State Farm, and Count V against it must be dismissed.

**B.     Count V Also Fails to State the Elements Necessary to Establish a Claim for Relief Under FDUTPA.**

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

In addition to the fact State Farm is not subject to FDUTPA, Count V is also defective in that it fails to allege the essential elements required to state a claim for its violation. "To state a claim under FDUTPA, a plaintiff must allege (1) a deceptive or unfair practice in the course of trade or commerce, (2) causation, and (3) actual damages." *Benjamin v. CitiMortgage, Inc*., 2013 WL 1891284, at *4 (S.D. Fla. May 6, 2013). Here, Plaintiff fails to sufficiently plead all three elements, as explained below. Thus, plaintiff's FDUTPA claim also should be dismissed because: (1) State Farm did not engage in "trade or commerce" with Plaintiff, (2) Plaintiff is not a consumer who engaged in a consumer transaction with State Farm, (3) Plaintiff fails to plead causation, and (4) Plaintiff fails to allege that she suffered actual damages.

**1.      Plaintiff Fails to and Cannot Allege State Farm Engaged in "Trade or Commerce" With Her.**

FDUTPA only regulates acts that occur in "trade or commerce," Fla. Stat. § 501.204(1), and defines "trade or commerce" as "advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated," Fla. Stat. § 501.203(8). Moreover, to maintain an action under FDUTPA, "Plaintiff must allege that she was a person aggrieved by unfair practices arising out of [her] 'trade or commerce' relationship" with the defendant. *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1321 (S.D. Fla. 2012).

Plaintiff does not and cannot plausibly allege State Farm "advertised, solicited, provided, offered, or distributed any good or service" to her. Instead, Plaintiff merely alleges State Farm "retained NSB to engage in collection activities against the Plaintiff" in order to collect a debt.

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower • 100 S.E. Second Street • Suite 4200 • Miami, Florida 33131-2114 • Telephone 305-530-0050 • Facsimile 305-530-0055

Compl. ¶ 79.   These allegations do not suffice to create a plausible basis for concluding State Farm engaged in "trade or commerce" with Plaintiff.

In *Acosta v. James A. Gustino, P.A.*, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012) this Court dismissed similar FDUTPA claims based on collection letters, holding that the "Defendants were not engaged in 'trade or commerce' when they sent demand letters and otherwise engaged in their debt collection efforts." S*ee also Williams*, 890 F. Supp. 2d at 1321-22 (collecting cases holding that "debt collection activities are not 'trade or commerce' for FDUTPA purposes" and dismissing plaintiff's FDUTPA claim because defendant was not engaged in "trade or commerce" with plaintiff).   Thus, the correspondence sent by NSB, which Plaintiff asserts were collection letters, cannot support a claim for violation of FDUTPA.

### 2.      Plaintiff Fails to Allege that She Engaged in a Consumer Transaction with State Farm.

FDUTPA applies only to consumer transactions, and "[a] 'consumer' is one who has engaged in the purchase of goods or services." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296-97 (S.D. Fla. 2014); *see also id.* ("[T]he term 'person,' while broadening the scope of FDUTPA, still applies only to consumers.").[4]   Plaintiff has not alleged facts indicating she engaged in a consumer transaction with State Farm and certainly not any transaction related in any way to the circumstances at issue in this Complaint.   Indeed, she did not engage in consumer transactions with State Farm because she did not "purchase . . . goods or services" from it.   *Id.* at 1297.   Instead, plaintiff's FDUTPA claim is premised on allegations State Farm "retained NSB to engage in collection activities against Plaintiff" in order to collect a debt.   Compl. ¶ 79.

---

[4] While FDUTPA previously permitted only "consumers" to pursue claims for actual damages, "[i]n 2001, the term 'person' replaced the former term, 'consumer.'"   *Leon*, 51 F. Supp. 3d 1290, 1296.   This change in the statutory language, however, did not modify the statutory intent to regulate only consumer transactions.   *See id.*

13

CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

Because Plaintiff does not allege – nor can she –she purchased any good or service from State Farm, plaintiff cannot conceivably be considered a consumer that has engaged in a consumer transaction with State Farm. Therefore, her FDUTPA claim must be dismissed. *See Leon*, 51 F. Supp. 3d 1290, 1297 (dismissing plaintiff's FDUTPA claim with prejudice because he was not a consumer who engaged in a consumer transaction); *Pinecrest Consortium, Inc. v. Mercedes-Benz USA, LLC*, 2013 WL 1786356, at *2 (holding "plaintiff cannot be said to be a 'consumer' because it has not engaged in any transaction involving either Mercedes-Benz automobiles or replacement parts.").

### 3.     The FDUTPA Claim Fails to Plead Causation.

Count V further fails to state a claim because it fails to plead causation, one of the essential requirements of a FDUTPA claim.  There can be no dispute that a FDUTPA claim requires proof of causation. *See Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 229 (S.D. Fla. 2002) (<u>citing</u> Fla. Stat. § 501.211(2)); *see also Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1335 (S.D. Fla. 2007) (consumer must plead that "he or she was aggrieved by the unfair and deceptive act"); *Haun v. Don Mealy Imports, Inc.*, 285 F. Supp. 2d 1297, 1307 (M.D. Fla. 2003) ("because [p]laintiff fails to allege *how* he was 'aggrieved by' [d]efendant's acts, he fails to state the elements of harm and causation, essential to his claim.") (emphasis in original).

More specifically, to challenge a defendant's disclosures under FDUTPA, a plaintiff "must plead sufficient facts showing that the unfair or deceptive practice [the defendant] committed actually resulted in damage." *Lydia Security Monitoring, Inc. v. Alarm One, Inc.*, No. 07-80145-CIV, 2007 WL 2446889, *5 (S.D. Fla. Aug. 23, 2007).  "Merely stating 'as a result of' does not provide sufficient allegations to show causation in an FDUTPA claim." *Id.*  Thus, a plaintiff must show how the defendant's conduct caused him to enter into the contract or caused

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  •  100 S.E. Second Street • Suite 4200 • Miami, Florida 33131-2114 • Telephone 305-530-0050 • Facsimile 305-530-0055

101902363.1

him to act differently.  *See Kais v. Mansiana Ocean Residences, LLC*, No. 08-21492-CIV, 2009 WL 825763, *2 (S.D. Fla. March 26, 2009) (dismissing FDUTPA claim because the plaintiff failed to state "that these alleged deceptive acts caused him to enter into the contract with Defendant or caused him to act differently in any way (e.g .asking for certain contract concessions")).

Here, Plaintiff fails to allege how any deceptive or unfair acts on the part of State Farm caused her any damage.  Plaintiff alleges State Farm "engaged in behaviors that would lead a consumer such as Plaintiff and the class members, to pay based on fear and ignorance of the law," Compl. ¶ 83, but fails to show that the alleged behavior caused Plaintiff to pay anything to State Farm.  Indeed, nowhere in the complaint does Plaintiff allege that she made any payments or suffered any actual damages as a result of State Farm's conduct.  *See Prohias v. AstraZeneca Pharm., L.P.*, 958 So. 2d 1054, 1056 (Fla. 3d DCA 1997) (affirming dismissal of FDUTPA claim because the named plaintiff "fail[ed] to allege that [d]efendants' alleged wrongs caused her to purchase" [the product]).   Accordingly, Plaintiff's FDUTPA should also be dismissed because she fails to plead the requisite element of causation.

### 4.     Plaintiff  Does Not Plausibly Allege She Suffered Actual Damages.

Plaintiff's FDUTPA claim is also deficient because it fails to allege facts sufficient to show Plaintiff suffered "actual damages," a required element of a FDUTPA claim.  *See QSGI, Inc. v. IBM Global Fin.*, 2012 WL 1150402, at *4 (S.D. Fla. Mar. 14, 2012) ("The FDUTPA claim is also subject to dismissal because [plaintiff] failed to plead 'actual damages' as required by Florida law.").  Indeed, Plaintiff's complaint is devoid of any allegation that she suffered "actual damages."  The only allegation regarding injury is the conclusory statement that  State Farm and NSB's alleged conduct "would lead a consumer, such as Plaintiff and the class

15

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

members, to pay based on fear and ignorance of the law." Compl. ¶ 83. As discussed above, however, nowhere in the Complaint does Plaintiff allege *she* made any payment to State Farm whatsoever. Thus, plaintiff has not alleged that she suffered "actual damages" as required to state a claim under FDUTPA, and her FDUTPA claim therefore must be dismissed. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. Dist. Ct. App. 2006) ("members of the putative class who experienced no actual loss have no claim for damages under FDUTPA. . . . FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment.").

## V.    Count VI Fails To Allege the Necessary Elements of Unjust Enrichment Under Florida Law.

Count VI is also fatally defective. To state a claim for unjust enrichment, a plaintiff must allege three elements: "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Rollins, Inc. v. Butland,* 951 So. 2d at 876 (Fla. 2d DCA 2006), citing *Swindell v. Crowson*, 712 So. 2d 1162, 1163 (Fla. 2d DCA 1998)). Here, Plaintiff has not and cannot establish any of the elements needed to support an unjust enrichment claim.

First, plaintiff cannot plead the first element of an unjust enrichment claim: that she conferred any benefit upon State Farm. Although Plaintiff alleges some members of the class may have paid State Farm, *see* Compl. ¶ 87, Plaintiff does not – because she cannot – allege *she* remitted any payment to State Farm. Rather, she merely alleges that in response to the NSB letters, she "sought and retained legal counsel." Compl. ¶ 25. This act cannot conceivably be considered a benefit conferred from plaintiff *to State Farm*. Moreover, Plaintiff fails to allege

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

State Farm retained any such benefit, and, if it did, that it would be inequitable for it do so. Because plaintiff fails to allege that she conferred any direct benefit whatsoever upon State Farm (and therefore, also cannot allege that State Farm retained such benefit, or that such retention was inequitable), her unjust enrichment claim should be dismissed. *See People's Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (trial court properly dismissed with prejudice plaintiff's unjust enrichment count because "the plaintiff . . . could not and did not allege that it had directly conferred a benefit on the defendants . . . .").

In addition, unjust enrichment is an equitable cause of action in which liability has nothing to do with fault. *Tilton v. Playboy Entertm't Grp., Inc.*, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007); *State of Fla. Office of Atty. Gen. Dept. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005) ("Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's.") (internal citation and quotation marks omitted)).   Rather, "the law of unjust enrichment is concerned solely with enrichments that unjust independently of alleged wrongs." *Tilton*, 2007 WL 80858, at *3.   To that end, the Eleventh Circuit has held that "[a]s soon as a claimant relies on a wrong to supply the unjust factor, the right on which [the plaintiff] relies arises from that wrong, not from unjust enrichment." *Guyana Tel. & Tel. Co., Ltd. v. Melbourne Int'l Commc'ns, Ltd.*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003); *Tenet Healthcare Corp.*, 420 F. Supp. 2d at 1309 (same).   Here, Plaintiff's unjust enrichment claim is based on the fault-based allegation that Defendants unjustly profited "as a direct and proximate result of Defendants' unlawful and deceptive conduct" in attempting to collect plaintiff's debt. Compl ¶ 86.   Accordingly, Plaintiff's unjust enrichment claim must be dismissed because her

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

right of recovery, if any, arises from the alleged wrongful conduct of the defendants rather than

unjust enrichment. *Tilton*, 2007 WL 80858, at *3.

**VI.**    **All Claims Against State Farm Also Fail Because They All Rely Solely on the Content and Timing of Correspondence Allegedly Sent by NSB as "Agent" for State Farm, but the Complaint Fails to Allege the Elements Required to Establish that NSB had Actual or Apparent Authority from State Farm to Send the Correspondence Complained of.**

The Complaint against State Farm also fails because all claims against it are based on

correspondence (Exhibits "A", "B", and "C") allegedly sent by NSB as State Farm's "agent."

However, the Complaint fails to allege the elements necessary to establish that NSB had actual

or apparent authority to act as State Farm's agent for those purposes.

**A.**    **Plaintiff Fails to Allege Sufficient Facts to Establish NSB Had Actual Authority from State Farm .**

To establish an actual agency relationship under Florida law, the following elements are

required, and therefore must be alleged: "1) acknowledgment by the principal that the agent will

act for him; 2) the agent's acceptance of the undertaking; and 3) control by the principal over the

actions of the agent." *Ilgen v. Henderson Props., Inc.*, 683 So. 2d 513, 515 (Fla. 2nd DCA 1996)

((citing *Goldschmidt v. Holman,* 571 So. 2d 422, 424 n. 5 (Fla.1990)); *see also Wolicki-Gables v.

Arrow Int'l, Inc.*, 641 F. Supp. 2d 1270, 1289 (M.D. Fla. 2009) (same).  "'[T]he critical element

of an agency relationship [is] that the principal exercised, or had the ability to exercise, control

over the agent.'"  *Taste Trackers, Inc. v. UTI Trans. Solutions, Inc.*, 2014 WL 129309, at *2

(S.D. Fla. Jan. 14, 2014) (quoting *Virgilo v. Ryland Grp., Inc.*, 680 F.3d 1329, 1336 (11th Cir.

2012)).

Here, Plaintiff fails to allege State Farm exercised any control over NSB, let alone control

with respect to the manner, content or timing of correspondence sent as required to establish the

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  • 100 S.E. Second Street • Suite 4200 • Miami, Florida 33131-2114 • Telephone 305-530-0050 • Facsimile 305-530-0055

101902363.1

critical element of an actual agency relationship. *See Taste Trackers, Inc.*, 2014 WL 129309, at *2 (dismissing complaint premised on an agency theory because "the Complaint contain[ed] no allegation that Defendant controlled [the alleged agent].")  Instead, all of plaintiff's claims against State Farm are based on her bare, conclusory statements that, "Defendant STATE FARM has hired Defendant NSB as their agent" and that "NSB, as STATE FARM's agent, sent out a collection or 'dunning letter'" to plaintiff.  Compl. ¶¶ 6, 22.  These conclusory allegations are insufficient to establish actual authority, much less the authority to send the correspondence at issue in this case.  *See Taste Trackers, Inc.*, 2014 WL 129309, at *2 (finding that plaintiff's statement that one defendant was the agent of another defendant was "insufficient to establish agency" under Florida law).  Accordingly, Plaintiff's Complaint fails to allege facts sufficient to show NSB had actual authority to act as State Farm's agent.

## B. Plaintiff Has Also Failed to Allege Facts Sufficient to Show NSB Had Apparent Authority to Act as State Farm's Agent.

Apparent authority is "focuse[d] on the actions of or appearances created by the principal, not by the agent." *Jackson Hewitt vs. Kaman*, 100 So. 3d 19, 31 (Fla. 2nd DCA 2011). Apparent authority does not depend upon any representations by the purported agent or any subjective belief of the person dealing with the purported agent. *Fla. State Oriental Med. Ass'n, Inc. v. Slepin*, 971 So. 2d 141, 145 (Fla. 1st DCA 2007).  Rather, a claim based on apparent authority requires "[1] a representation by the purported principal; [2] reliance on that representation by a third party; and [3] a change in position by the third party in reliance on the representation." *Jackson Hewitt*, 100 So. 3d at 32 (citing *Mobil Oil Corp. v. Bransford*, 648 So. 2d 199, 121 (Fla. 1995)).

19

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower  ● 100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

Plaintiff has wholly failed to allege facts showing NSB had apparent authority to act as State Farm's agent.  The only representation made to Plaintiff regarding NSB's authority is a demand letter sent *by NSB* to Plaintiff stating that the debt was "assigned" to NSB for collection. Compl. ¶ 15; *see also* Compl. Ex. "A."  However, apparent authority does not depend on representations made by the purported agent, *See Slepin*, 100 So. 3d at 31, and Plaintiff fails to allege any facts showing that **State Farm** represented **to Plaintiff** NSB had the authority to act as its agent.  *See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd.*, 2011 WL 1232986, at *5-6 (S.D. Fla. Mar. 30, 2011) (dismissing apparent agency claim where plaintiff failed to allege the principal made any representations to plaintiff that the purported agent was authorized to act on its behalf).  Moreover, having failed to allege any representation by State Farm to Plaintiff, Plaintiff also fails to allege that she relied on any such representation by State Farm.  *See Jackson Hewitt*, 100 So. 3d at 32.

Because Plaintiff fails to establish sufficient facts to show NSB had actual or apparent authority to act as State Farm's agent, all claims against State Farm must be dismissed.

## CONCLUSION

For the foregoing reasons, State Farm respectfully submits that all Counts of the Complaint against it should be dismissed, and, because Plaintiff cannot amend to cure the defects described in this Motion, that such dismissal be with prejudice.

Dated:  August 17, 2015.

Respectfully submitted,

*/s/ D. Matthew Allen*
Benjamine Reid FBN 183522
breid@cfjblaw.com
Elizabeth M. Bohn FBN 288047
ebohn@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 S.E. Second Street, Suite 4200

20

CARLTON FIELDS JORDEN BURT, P.A.

Miami Tower ●100 S.E. Second Street ● Suite 4200 ● Miami, Florida 33131-2114 ● Telephone 305-530-0050 ● Facsimile 305-530-0055

101902363.1

Miami, Florida 33131
Telephone (direct): (305) 347-6879
Facsimile: (305) 530-0055

D. Matthew Allen (FBN 866326)
mallen@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
Corporate Center Three
    at International Plaza
4221 W. Boy Scout Blvd.
Suite 100
Tampa, FL  33607
Telephone:  (813) 229-4304

***Attorneys for Defendant State Farm***
***Mutual Automobile Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2015 a true and correct copy of the foregoing

Motion to Dismiss Class Action Complaint and Memorandum in Support has been electronically

filed via the Clerk of Court's CM/ECF System which will send an electronic notifcation to the

following counsel:

Maria R. Alaimo, Esq.
Viles & Beckman, LLC
6350 Presidential Court, Suite A
Fort Myers, FL  33919
***Attorneys for Plaintiff***

Ernest H. Kohlmyer, III
Urban their & Federer, P.A.,
200 S. Orange Avenue, Suite 2000,
Orlando, FL  32801-3418, Email
***Attorneys for Seattle Service Bureau, Inc.***
 ***d/b/a National Service Bureau***

                                    */s/ D. Matthew Allen*
                                    Attorney

101902363.1