UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMANDA SCHAEFER, individually and
on behalf of others similarly situated

       Plaintiff,

v.                                                  Case No:  2:15-cv-444-FtM-38CM

SEATTLE SERVICE BUREAU, INC.
and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Defendants.
_____/

### ORDER[1]

This matter comes before the Court on the Plaintiff, Amanda Schaffer's Motion to Remand to State Court (Doc. #17) filed on August 5, 2015.  The Defendant, State Farm Mutual Automobile Insurance Company filed its Response in Opposition (Doc. #29) on August 28, 2015.  The Motion is fully briefed and ripe for the Court's review.

### BACKGROUND

On July 12, 2013, the Plaintiff, Amanda Schaffer, was involved in an auto accident with State Farm's insured who drove the other vehicle.  Schaffer was ticketed by police as the party at fault in the accident.  State Farm paid its insured's claim for damages in the amount of $21,366.90.  State Farm subsequently subrogated the claim and turned

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

collection of the $21,366.90 to a collection bureau, Seattle Service Bureau d/b/a National Service Bureau (NSB).

NSB was hired by State Farm as its agent to collect the alleged subrogated claim. In that regard, NSB sent Schaffer a demand letter seeking to collect the $21,366.90 claim. NSB identified itself as a debt collector and informed Schaefer that State Farm had assigned it her debt.  On April 6, 2015, NSB sent Schaefer another letter notifying Schaefer that it had requested the state to suspend her driver's license under the state's financial responsibility laws.  The April 16, 2015 letter also contained a copy of the traffic citation Schaefer received finding her at fault for the accident.

Schaefer states that she is not indebted to State Farm or NSB and no judgment has been issued against for the subrogated claim.  In response to the collection letters, Schaefer filed suit against NSB and State Farm in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida.   The Complaint alleges six (6) counts as follows: Count I a violation of the Florida Consumer Credit Protection Act (FCCPA) Fla. Stat. §559.715; Count II, a violation of FCCPA Fla. Stat. §559.72(10); Count III, for injunctive relief; Count IV, for declaratory relief; Count V, violation of Florida Consumer Protection Act Fla. Stat. §501.24; and Count VI, for unjust enrichment.

In addition, Schaefer brings this case as a class action.  The putative class consists of Florida citizens who have had accidents with other Florida citizens who were insured by State Farm.  State Farm paid the insured's damages. The same or similar collection letters were sent by NSB to the class members, and no judgment was ever entered against the putative class members.

The Defendant State Farm removed the case to this Court pursuant to the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332(d)(2)(A), (d)(5), (d)(6). Schaffer now moves the Court to remand the case to the Twentieth Judicial Circuit for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Bolen v. Illinois Nat. Ins. Co., 2012 WL 4856811 *2-4 (M.D. Fla. August 28, 2012) (citing Williams v. Best Buy Company, Inc. 269 F.3d 1316, 1319 (11th Cir.2001)). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." Bolen, WL 4856811 at *2-4 (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 (11th Cir.2007)). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. State Farm removed the case pursuant to the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332(d)(2).

Removal statutes are to be strictly construed against removal. Bolen, WL 4856811 at *3 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction,

3

uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. Bolen, WL 4856811 at *2-4 (citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir.1979)). With these principles in mind, the Court proceeds to evaluate the propriety of the removal here.

## **DISCUSSION**

This Court has subject matter jurisdiction over a class action removed from state court if (1) there is minimal diversity; (2) the putative class contains more than 100 members; and (3) the total amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Schaefer argues this case should be remanded because State Farm has not met the threshold requirement that the aggregate amount in controversy must exceed $5,000,000. Schaefer argues that State Farm has not pled a specific dollar amount in its removal and in fact cannot meet CAFA's $5,000,000 jurisdictional requirement. State Farm argues the aggregate amount of damages in this case is at least $12,740,726 and therefore, the amount in controversy requirement under CAFA is met.

In her brief, Schaefer argues that State Farm has not put forth any evidence that would establish the $5,000,000 amount in controversy because it is unknown how many of the putative class members actually paid the subrogated claim. Following that line of reasoning, Schaefer argues that State Farm does not have a factual basis to establish the damages requirement and the case should be remanded.

For its part, State Farm submitted the sworn declaration of Chirs Bellotti. Bellotti is employed with State Farm as an Analyst-Subrogation. As part of his duties with State Farm, Bellotti is responsible for vendor management programs involving referrals of

subrogation claims. Bellotti is familiar with the facts of this case. Bellotti declared that during the four year period between June 25, 2011, and June 25, 2015, State Farm referred 2,585 subrogation files that meet Schaefer's class parameters to NSB for collection amounting to $12,740,726.90.

Schaefer's Complaint sets forth the qualifications for membership in the putative class as Florida citizens who have had accidents with other Florida citizens who were insured by State Farm; State Farm paid the insured's damages; the same or similar collection letters were sent by NSB to the class members; and no judgment was ever entered against the purported class member. Schaefer never pleads in her Complaint that the putative class members had paid the claim in order to be a member of the class. As State Farm argues, Schaefer herself would not be a member of the class if actual payment of the claim was a requirement of class membership. Therefore, Schaefer's argument that State Farm could not establish the $5,000,000 amount in controversy under CAFA because no one knows which putative class members paid the subrogation claims at issue lacks merit.

State Farm set forth an amount in controversy supported by the affidavit of Bellotti that the amount in controversy is $12,740,726.90. As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 549, 190 L. Ed. 2d 495 (2014). Thus, State Farm has met the amount in controversy requirement of CAFA. The Court also finds that there is minimal diversity and the putative class contains more than 100 members.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Amanda Schaffer's Motion to Remand to State Court (Doc. #17) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of November, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record